IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO J. MONTEON,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>BOARD OF PRISON TERMS,<br><br>　　　　　Respondent. | No. 2:05-cv-00374-JKS<br><br>ORDER DISMISSING PETITION |

　　　　Petitioner Alfredo J. Monteon, a state prisoner appearing *pro se*, has filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.  Monteon is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano.  Respondent has answered, and Monteon has replied.

　　　　On December 7, 2009, this Court stayed further action in this case pending the issuance of the mandate by the en banc panel of United States Court of Appeals for the Ninth Circuit in *Hayward*.[1]  The Court of Appeals has rendered its decision in *Hayward*,[2] and the Court now terminates its stay and decides this case.

　　　　It has come to the attention of this Court that on November 12, 2009, another judge of this Court entered an Order Denying Petition for Writ of Habeas Corpus,[3] of which this Court

---

[1] *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008).

[2] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

[3] *Monteon v. Board of Parole Hearings,* Case No. 2:07-cv-00669-JLQ.

takes judicial notice.[4] The time to appeal has lapsed in the 2007 case, and the decision rendered therein is final. Monteon may, therefore, no longer challenge that determination. The petition in the Case No. 2:07-cv-00669-JLQ challenged the denial of parole by the Board of Parole Hearings in 2004, whereas the Petition in this case challenges the denial of parole by the Board in 2002, two years earlier. The fact that Monteon was unsuitable for parole in 2004 also forecloses any argument that the Board erred in finding him unsuitable for parole in 2002.

Even assuming that this Court were to agree with Monteon and grant relief, the appropriate remedy would be to remand the case to the Board for reconsideration within a reasonable time. The Board having held a subsequent parole suitability hearing in which it again denied parole, and that decision being no longer subject to judicial review, Monteon has been accorded any relief that this Court might grant. Federal courts lack jurisdiction to consider moot claims.[5] "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[6] "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[7] In this case, this Court cannot grant any effective relief; consequently, it is moot.

## ORDER

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, as moot.

---

[4] Fed. R. Evid. 201.

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[6] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[7] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (citing *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[8]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[9]

The Clerk of the Court is to enter final judgment accordingly.

Dated:  July 28, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[8] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[9] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.